UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PETER ALLAN, | Case No. 24-cv-2458 (LMP/JFD) |
| Petitioner, | |
| v. | **ORDER DISMISSING CASE** |
| SHIREEN GANDHI, *Commissioner of the Department of Human Services*, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R&R"), ECF No. 23, of United States Magistrate Judge John F. Docherty, which recommends denying Petitioner Peter Allan's 28 U.S.C. § 2254 petition for a writ of habeas corpus, ECF No. 1. In addition, and coming before the Court after the R&R issued, is Allan's motion to voluntarily dismiss his petition. ECF No. 24.

Allan was involuntarily committed after a trial by the State of Minnesota to the Minnesota Sex Offender Program ("MSOP"). ECF No. 23 at 1–2; *see also In re Civil Commitment of Allan*, No. A09-1607, 2010 WL 608028, at *1 (Minn. Ct. App. Feb. 23, 2010). Pursuant to Minnesota statute, in 2020, Allan petitioned in state court for discharge from the MSOP or for conditional release. *Matter of Commitment of Allan*, No. A23-1260, 2024 WL 542241, at *1 (Minn. Ct. App. Feb. 12, 2024). After the state courts denied his petition, he filed this petition, ECF No. 1, arguing that the state courts erroneously concluded that he should continue to be committed, citing new evidence showing that he has no sexual disorder, ECF No. 23 at 7. Allen argues that his continued commitment

violates the Due Process Clause of the Fourteenth Amendment. *Id.* (citing ECF No. 1 at 5–9).

After Magistrate Judge Docherty issued an R&R recommending that the Court deny Allan's petition, Allan filed a self-stylized motion to dismiss his petition. ECF No. 24. He asserts that he has been granted a "re-hearing" in light of *Matter of Commitment of Benson*, 12 N.W.3d 711 (Minn. 2024), an October 2024 Minnesota Supreme Court case that held that a civil commitment petitioner has the right to waive counsel in all commitment and post-commitment proceedings. He contends that because the relief he sought from this Court was "to reverse and remand for a new hearing," his petition is moot. ECF No. 24 at 1.

Because Respondent filed an answer to the petition, ECF No. 12, Allan's request to dismiss his case is governed by Fed. R. Civ. P. 41(a)(2). Thus, he may only voluntarily dismiss his petition "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court considering a voluntarily dismissal must consider such factors as "'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendant.'" *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 804–05 (8th Cir. 2021) (quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

Considering these factors, the Court will grant Allan's request. His explanation for dismissal is sufficiently clear: the state courts granted him a rehearing. In fact, if it is true that he has been granted the very relief by the state courts that he seeks here, the Court

would *lack* the ability to consider the case at all because it would be moot. *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (citation omitted) (A case becomes moot "when changed circumstances already provide the requested relief and eliminate the need for court action."); *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (if a case becomes moot the court must dismiss it for lack of jurisdiction). Further, although the Respondent answered, no significant time has been spent litigating this case because the parties have engaged in no discovery and no motion practice. Nor does there appear to be any prejudice to Respondent, and courts will ordinarily "grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

## ORDER

Based upon all of the files, records, and proceedings in the above-captioned matter,

**IT IS ORDERED THAT**:

1. The R&R (ECF No. 23) is **REJECTED** as moot;

2. Allan's Petition (ECF No. 1) is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 24, 2025                    *s/Laura M. Provinzino*
                                        Laura M. Provinzino
                                        United States District Judge

3